UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARY WILLIAMS, individually and on behalf of all others similarly situated | * * * | |
| Plaintiff, | * * | CASE NO. 4:20-cv-1640 |
| versus | * * | |
| AMBASSADORS, LLC and VICTORIA BRYANT | * * * | COLLECTIVE ACTION |
| Defendants. | * | |

# COMPLAINT – COLLECTIVE ACTION

Plaintiff Mary Williams, individually and on behalf of all other similarly situated current and former employees of Defendants, brings this Collective Action against Defendants, Ambassadors, LLC and Victoria Bryant, and alleges as follows:

## I.   OVERVIEW

1. Plaintiff brings claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.* to recover unpaid overtime compensation under §16(b) of the FLSA.  She brings these claims as a collective action on behalf of herself and all current or former certified nurse assistants ("CNAs") and caregivers employed by Defendants during the last three (3) years, who were not paid overtime for all hours worked in excess of forty (40) hours a week as required by § 207(a) of the FLSA (hereinafter referred to as "Collective Members").

## II.   JURISDICTION AND VENUE

2. This Court has federal question jurisdiction under 28. U.S.C. §1331 as this case is brought pursuant to the FLSA, 29 U.S.C. §201, *et seq.*

3. Venue is proper in this District under 28 U.S.C. §1391(b)(2) as a substantial part of the events giving rise to the claims at issue in this case occurred in this district.

4. Furthermore, Defendants' principal office is located in this district.

### III.  PARTIES

**Plaintiff**

5. Plaintiff, Mary Williams, is a major individual domiciled in Harris County, Texas, and has been employed by Defendants from approximately February 2016 through August 2019 as a CNA providing companionship services to Defendants' clients.

6. Plaintiff has consented to filing the instant action. (Exhibit "A").

**Defendants**

7. Together, Defendants have employed Plaintiff and those similarly situated as a single enterprise and participated in employment decisions regarding the rights for which Plaintiff and those similarly situated seek redress in this case.

**Ambassadors, LLC**

8. Defendant Ambassadors, LLC (hereinafter referred to as "Ambassadors") is a Texas domestic limited liability company with its principal place of business located at 2118 Oakdale Street, Houston, Texas 77004, and may be served through its registered agent, Ronald Bryant at that same address.

9. Ambassadors provides companionship, personal home care, nutritional care, 24-hour live-in care, transportation, household assistance, and hospice support services.[1]

---

[1] https://www.ambassadorscare.com/ (last visited May 7, 2020).

10. At all relevant times, Ambassadors maintained control, oversight, and direction over Plaintiff and those similarly situated, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other practices.

**Victoria Bryant**

11. Defendant Victoria Bryant (hereinafter referred to as "Bryant") is a major individual domiciled at 7205 Almeda Road, Apt. 301189, Houston, Texas 77054. She may be served at that address or wherever she may be found.

12. Defendant Bryant is the owner and operator of Ambassadors.

13. At all relevant times, Defendant Bryant has been actively involved in managing the operations of Ambassadors.

14. At all relevant times, Defendant Bryant has had control over Ambassadors' pay policies and the unlawful policies and practices alleged herein.

15. Defendant Bryant had authority over personnel and payroll decisions at Ambassadors.

16. Defendant Bryant had the authority to stop any illegal pay practices that harmed Plaintiff and similarly situated employees.

17. Defendant Bryant had the authority to enter into contracts on behalf of Ambassadors.

18. Defendant Bryant has had the power to transfer the assets and liabilities of Ambassadors.

19. Defendant Bryant has had the power to declare bankruptcy on behalf of Ambassadors.

20. Defendant Bryant has had the power to close, shut down, and/or sell Ambassadors.

## IV. COLLECTIVE ACTION DEFINITION

21. The Collective of similarly situated employees sought to be certified under 29 U.S.C. §216(b) as a collective action is defined as:

> All current and former certified nurse assistants, caregivers, and other similarly-situated employees employed by Ambassadors, LLC and/or Victoria Bryant, who were not paid overtime wages for all hours worked over forty (40) in a workweek within the last three (3) years.

## V. COVERAGE UNDER THE FLSA

22. At all times hereinafter mentioned, Defendants are and have been an employer within the meaning of 29 U.S.C. §203(d).

23. At all times hereinafter mentioned, Defendants are and have been an enterprise within the meaning of 29 U.S.C. §203(r).

24. At all pertinent times, Defendants have been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. §203(s)(1).

25. Upon information and belief, Defendants have had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

26. At all times hereinafter mentioned, Plaintiff, and all those similarly situated, were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207.

## VI. FACTS

27. Plaintiff and the Collective Members were employed by Defendants as CNAs and caregivers who provided companionship services for the elderly, ill or disabled.

28. Plaintiff's hours varied from week to week during her employment with Defendants, but she regularly worked more than forty (40) hours in a workweek.

29. Upon information and belief, the Collective Members were also regularly scheduled to and did work more than forty (40) hours in a workweek.

30. Defendants paid straight time for all hours worked and failed to pay an overtime premium for all hours worked over forty (40) in a workweek.

31. For instance, during the workweek of May 20, 2019 to May 26, 2019, Plaintiff worked fifty-two (52) hours. She was paid straight time for all hours worked but was denied an overtime premium for the twelve (12) hours she worked over forty (40) during that workweek.

32. For the workweek of June 3, 2019 to June 9, 2019, Plaintiff was worked sixty-one and one-quarter (61.25) hours. Plaintiff was not paid an overtime premium for the twenty-one and one-quarter (21.25) hours worked in excess of forty (40) during that workweek.

33. Neither Plaintiff nor the Collective Members were compensated in accordance with the FLSA because they were not paid overtime wages for all hours worked, in excess of forty (40) hours in a workweek for all weeks worked.

34. Plaintiff is aware of other current and former employees of Defendants who were subject to the same payroll practice.

35. Pursuant to the FLSA, 29 U.S.C. §207, employers are generally required to pay overtime compensation at an hourly rate of 150% of an employee's regular rate of pay for hours worked over forty (40) in a workweek.

36. Defendants have violated, and are violating, the provisions of Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by not paying its home healthcare workers, like Plaintiff and the Collective Members, overtime.

37. Defendants knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiff and the Collective Members overtime compensation for all hours worked over forty (40) by failing to pay in the past three (3) years.

## VII. COLLECTIVE ACTION ALLEGATIONS

38. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

39. Defendants' practice and policy of not paying overtime affects Plaintiff and the Collective Members and is a willful violation of the FLSA.

40. The Collective Members are victims of Defendants' unlawful compensation practices and are similarly situated to Plaintiff in terms of job duties, pay and employment practices.

41. Defendants' failure to pay overtime compensation as required by the FLSA results from a generally applicable, systematic policy and practice and is not dependent on the personal circumstances of any individual employee. Thus, Plaintiff and the Collective Members are similarly situated employees.

42. The specific job titles or precise job requirements of the Collective Members does not prevent collective treatment. All employees, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek at the overtime rate. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

43. The precise size and the identity of the Collective should be ascertainable from the business records, payroll and/or employee or personnel records of Defendants.

## VIII. JOINT EMPLOYER ALLEGATIONS

44. At all times pertinent hereto, specifically including the Collective period, Defendant Bryant was an owner, manager and/or executive officer of Ambassadors.

45. Defendant Bryant exercised supervisory and managerial responsibilities and substantial control over the terms and conditions of Plaintiff and the Collective Members' work including, but not limited to, assigning work, hiring and firing employees.

46. Further, Defendant Bryant is or was solely and jointly responsible for the administration of the business affairs of Ambassadors and exercised complete control over the work situation and conditions of its employees.

47. Defendant Bryant is jointly and solely responsible for the payroll practices of Ambassadors including, but not limited to, the payroll practices complained of herein.

48. Defendant Bryant was vested with authority to, and actually acted directly or indirectly for, and had operational control over Ambassadors' business activities including managerial responsibilities for all aspects of operations and its employees.

49. Accordingly, Defendant Bryant is an "employer" under the FLSA and, as such, is jointly and severally liable for damages for his failure to comply with the FLSA including all damages claimed herein.

## RELIEF SOUGHT

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, prays for judgment in her favor and against Defendants as follows:

1. For an Order recognizing this proceeding as a collective action under §216(b) of the FLSA and ordering notice to the Collective Members at the earliest opportunity to ensure Collective Members' claims are not lost to the FLSA statute of limitations;

2. For an Order finding Defendants liable for unpaid back wages due to Plaintiff and the Collective Members and for liquidated damages equal in amount to the unpaid compensation;

3. For an award of costs of this action as provided under the FLSA;

4. For an award of attorneys' fees as provided under the FLSA;

5. For an award of pre- and post-judgment interest; and

6. For any and all other and further relief as may be necessary and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury.

        Respectfully Submitted:

        By: /s/ Philip Bohrer
          Philip Bohrer (Bar Roll No. 14089)
          *phil@bohrerbrady.com*
          Scott E. Brady (Bar Roll No. 24976)
          *scott@bohrerbrady.com*
          BOHRER BRADY, LLC
          8712 Jefferson Highway, Suite B
          Baton Rouge, Louisiana 70809
          Telephone: (225) 925-5297
          Facsimile: (225) 231-7000